UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 1:07-cv-03614-RPP/RLE

HUDSON REALTY CAPITAL FUND III LP,
HRC FUND III POOLING DOMESTIC LLC,
and HRC FUND III POOLING REIT, LLC,

      Plaintiffs,

v.

MILLENIA LUXURY CONDOMINIUMS
(FLORIDA) LLC, EDUARDO AVILA and
JACK KAPLAN,

      Defendants

**DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

TO:    HONORABLE ROBERT P. PATTERSON
        UNITED STATES DISTRICT JUDGE

Millenia Luxury Condominiums (Florida), LLC ("Millenia"), Eduardo Avila ("Avila") and Jack Kaplan ("Kaplan") (with Millenia, Avila and Kaplan collectively referred to as the "Defendants"), by their undersigned counsel, move to dismiss the within action or to have it transferred to the United States District Court for the Southern District of Florida (the "Florida District Court") on the following grounds:

### ISSUES COMMON TO ALL DEFENDANTS

1.    On February 9, 2007, the Defendants commenced an action in the Florida District Court (the "Florida District Court Action") against Hudson Realty Capital Fund III LP ("Hudson").

2.      The Florida District Court Action seeks declaratory relief with respect to a Guaranty Agreement executed by the Defendants in favor of Hudson.  A copy of the Complaint filed in the Florida District Court Action (with exhibit) is attached to this Motion, marked as Exhibit A, and to be made a part hereof.

3.      Prior to Hudson filing any responsive pleading in the Florida District Court Action, the Defendants filed an Amended Complaint in the Florida District Court.  A copy of the Amended Complaint is attached to this Motion, marked as Exhibit B and to be made a part hereof.

4.      Both the initial Complaint and the Amended Complaint seek declaratory relief and other remedies with respect to the Guaranty Agreement entered into between the Defendants and Hudson.  All of the counts of the Amended Complaint directly or indirectly relate to said Guaranty Agreement, and resolution hinges upon the request for declaratory relief in the Florida District Court Action.

5.      On April 26, 2007, Hudson, HRC Fund Pooling Domestic, LLC ("HRC Domestic") and HRC Fund III Pooling REIT, LLC ("HRC REIT") (with Hudson, HRC Domestic and HRC REIT collectively referred to as the "Hudson Entities"), filed an action in the Supreme Court for the County of New York (Case No. 601392-07).

6.      On May 7, 2007, the Defendants filed a Notice of Removal from the Supreme Court of the County of New York to this Court which effectively commenced this action.

7.      The within action is one by the Hudson Entities seeking declaratory relief relating to the same Guaranty Agreement that is the subject of the Florida District Court Action.

### DISMISSAL AS TO THE PLAINTIFF HUDSON

8.      Rule 13(a) of the Federal Rules of Civil Procedure provides in part:

**(a) Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

9.    The within action filed by Hudson is one which is required to be stated as a counterclaim in the Florida District Court Action. The action is based upon the same agreement, and, in fact, seeks the same relief as requested in the Florida District Court Action — i.e., declaratory relief as to the rights and obligations of the Defendants and Hudson.

10.    At the time that Hudson filed the within action, service of the Complaint and the Amended Complaint in the Florida District Court had been effected on Hudson, and counsel for Hudson had already filed a motion in the Florida District Court Action requesting an extension of time in which to respond to the Amended Complaint. In fact, the Plaintiffs refer to the Florida District Court Action in paragraph 26 of the Complaint, but fail to disclose that such action seeks identical relief. As such, Hudson and its counsel were aware of the pendency of the Florida District Court Action when the case was filed in New York.

11.    Pursuant to Rule 12(b)(6), the Complaint initiating the within action fails to state a claim upon which relief can be granted as a result of the Hudson's failure to comply with Rule 13 of the Federal Rules of Civil Procedure and commence the action by way of a compulsory counterclaim in the Florida District Court Action. As such, this Court should dismiss the within action, without prejudice, with direction to Hudson that if any such action is to be filed, it is to be filed as a compulsory counterclaim in the Florida District Court Action in accordance with Rule 13 of the Federal Rules of Civil Procedure.

## DISMISSAL AS TO THE PLAINTIFF HRC DOMESTIC

12.    In the Complaint initiating this action, other than when speaking of the parties, the only reference to the Plaintiff HRC Domestic is in paragraph 18 of the Complaint, where it is stated:

> On August 23, 2006, a UCC-3 Financing State Amendment was filed with the Delaware Department of State indicating that the security interest in the "Pledged Equity" was assigned by Plaintiff Hudson to Plaintiff HRC Domestic.

13.    Nowhere in the Complaint does it state or allege that any interest was assigned by Hudson to HRC Domestic.  Instead, the Complaint is carefully crafted to avoid the issue, and simply state that a document has been filed with the Secretary of State of Delaware.

14.    In any event, even if the Pledged Equity had been transferred to HRC Domestic, the Complaint initiating this action does not seek any relief relating to any *in rem* relief for HRC Domestic, or even any *in personam* relief.  Apparently, HRC Domestic has been added as a Plaintiff merely as an attempt to frustrate the requirement of Hudson's filing a compulsory counterclaim in the Florida District Court Action.

15.    Since HRC Domestic does not allege any cause of action in the Complaint, HRC Domestic does not seek any relief in the Complaint, the Complaint fails to state a cause of action upon which relief can be granted by HRC Domestic as a Plaintiff as against the Defendants.  As such, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint should be dismissed as to the Plaintiff HRC Domestic.

## DISMISSAL AS TO THE PLAINTIFF HRC REIT

16.    Other than in defining the parties, the only mention of the Plaintiff HRC REIT is in paragraph 32 of the Complaint, where it is stated:

> Finally, in the foreclosure action commenced by the Plaintiff HRC REIT in Florida state court (Orange County), Defendants filed a

motion to deny relief as moot with respect to the foreclosure and security interest claims. Accordingly, since the guarantors have contested a foreclosure action as described in Section 1.2(b)(vi) of the Guaranty Agreement, the recourse under the Guaranty Agreement thus extends to all Outstanding Loan Obligations.[1]

17.    Nowhere else in the Complaint initiating this action is HRC REIT mentioned.

18.    Nowhere in the Complaint initiating this action does HRC REIT state any claim against the Defendants, nor is any relief requested against the Defendants. Naming HRC REIT as a Plaintiff appears to be an attempt to defeat the requirement of Hudson filing a compulsory counterclaim in the Florida District Court Action.

19.    HRC REIT has failed to state a claim upon which relief can be granted as against any of the Defendants, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint of HRC REIT should be dismissed.

## ALTERNATIVE RELIEF AS TO ALL PLAINTIFFS

20.    If this Court is unwilling to dismiss one or more counts of this Complaint, since an action involving the same parties and the same issues has already been filed in another U.S. District Court, the within action should be transferred to the United States District Court for the Southern District of Florida to be consolidated with the Florida District Court Action.

---

[1] Although not relevant for the decision with respect to this Motion, if this Court were to take judicial notice of the response filed by the Defendants in the state court foreclosure action in Florida, the response to the foreclosure counts stated only that since Millenia has delivered to Hudson's nominee deed in lieu of foreclosure, the foreclosure counts are, thus, moot. This is hardly a "contest" of a foreclosure action.

6

WHEREFORE, the Defendants respectfully request that the Court enter an Order granting this Motion in all respects, either dismissing the Complaint or transferring the entire case to the United States District Court for the Southern District of Florida.

Dated:  May 9, 2007

Respectfully submitted,

ADORNO & YOSS LLP
Attorneys for Defendants


By:   /s/Stephen C. Hunt
        Stephen C. Hunt (SH 6603)
        350 East Las Olas Boulevard, Suite 1700
        Fort Lauderdale, Florida 33301-4217
        Phone:  (954) 763-1200
        Fax:  (954) 766-7800
        Email: shunt@adorno.com