UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 1:07-cv-03614-RPP/RLE

HUDSON REALTY CAPITAL FUND III
LP, HRC FUND III POOLING
DOMESTIC LLC, and HRC FUND III
POOLING REIT, LLC,

                Plaintiffs,

v.

MILLENIA LUXURY CONDOMINIUMS
(FLORIDA) LLC, EDUARDO AVILA and
JACK KAPLAN,

                Defendants

---

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

---

ADORNO & YOSS LLP
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone: (954) 763-1200
Attorneys for Defendants and Movants

Of Counsel:
Charles Martin Tatelbaum
Stephen C. Hunt (SH 6603)

On the Brief:
David Andrew Ray

TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ................................................................................. 1

II. PROCEDURAL BACKGROUND ............................................................................ 2

III. STANDARD OF REVIEW ................................................................................... 2

IV. ARGUMENT ......................................................................................................... 3

    A.  Hudson Realty Capital Fund III LP Was Obligated to File this Action, if at all, as Compulsory Counterclaims in the Southern District of Florida. ........................... 3

    B.  Plaintiff HRC Fund III Pooling Domestic, LLC Has Failed to State a Claim upon Which Relief May Be Granted. ............................................................................ 5

    C.  Plaintiff HRC Fund III Pooling REIT, LLC Has Failed to State a Claim upon Which Relief May Be Granted. ............................................................................ 5

    D.  In the Alternative, the Within Action Should Be Transferred to the United States District Court for the Southern District of Florida. ............................................... 6

V.  CONCLUSION ....................................................................................................... 7

TABLE OF AUTHORITIES

Page

## Cases

*800-Flowers, Inc. v. Intercontinental Florist*,
    860 F. Supp. 128 (S.D.N.Y. 1994) .............................................................................. 7

*Adam v. Jacobs*,
    950 F.2d 89 (2d Cir. 1991) ......................................................................................... 3

*Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*,
    474 F. Supp. 2d 474 (S.D.N.Y. 2007) ....................................................................... 7

*Baker v. Gold Seal Liquors, Inc.*,
    417 U.S. 467 (1974) .................................................................................................... 4

*Beatie & Osborn LLP v. Patriot Sci. Corp.*,
    431 F. Supp. 2d 367 (S.D.N.Y. 2006) ....................................................................... 6

Capital Imaging Assocs. P.C. v. Mohawk Valley Med. Assocs., Inc.,
    725 F. Supp. 669 (N.D.N.Y. 1989) ............................................................................ 2

*Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*,
    233 F.3d 697 (2d Cir. 2000) ....................................................................................... 4

Crowley v. Corning, Inc.,
    234 F. Supp. 2d 222 (W.D.N.Y. 2002) ...................................................................... 3

Dangler v. New York City Off Track Betting Corp.,
    193 F.3d 130 (2d Cir. 1999) .................................................................................... 2, 5

First Nationwide Bank v. Gelt Funding Corp.,
    27 F.3d 763 (2d Cir. 1994) ......................................................................................... 3

*Generale Bank, New York Branch v. Wassel*,
    779 F. Supp. 310, 313 (S.D.N.Y. 1991) .................................................................... 6

Haynesworth v. Miller,
    820 F.2d 1245 (D.C. Cir. 1987) ................................................................................. 3

Hernandez v. Coughlin,
    18 F.3d 133 (2d Cir. 1994) ......................................................................................... 2

*Howard v. Klynveld Peat Marwick Goerdeler*,
    977 F. Supp. 654 (S.D.N.Y. 1996) ............................................................................ 4

*Jones v. Ford Motor Credit Co.*,
    358 F.3d 205 (2d Cir. 2004) ....................................................................................... 4

KDI Holdings, Inc. v. Austin Fin. Serv.'s, Inc. (In re KDI Holdings, Inc.),
    277 B.R. 493 (Bankr. S.D.N.Y. 1999) ....................................................................... 2

Papasan v. Allain,
    478 U.S. 265 (1986) .................................................................................................... 2

*Prezzi v. Schelter*,
    469 F.2d 691 (2d Cir. 1972) ........................................................................5

*Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*,
    68 F. Supp. 2d 161 (E.D.N.Y. 1999) ...........................................................5

*Southern Const. Co. v. Pickard*,
    371 U.S. 57 (1962) ...................................................................................3, 4

*The Haytian Republic*,
    154 U.S. 118 (1894) ....................................................................................4

*United States v. Aquavella*,
    615 F.2d 12 (2d Cir. 1980) ..........................................................................3

**Statutes**

28 U.S.C. § 1404 .................................................................................................6

**Rules**

Federal Rules of Civil Procedure,
    Rule 8(a) ...............................................................................................5, 6

Federal Rules of Civil Procedure,
    Rule 12(b)(6)................................................................................... passim

Federal Rules of Civil Procedure,
    Rule 13(a) ....................................................................................................3

# I. PRELIMINARY STATEMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), Defendants MILLENIA LUXURY CONDOMINIUMS (FLORIDA) LLC ("Millenia"), EDUARDO AVILA ("Avila") and JACK KAPLAN ("Kaplan") (collectively, the "Defendants"), by and through undersigned counsel, respectfully move to dismiss all claims asserted by HUDSON REALTY CAPITAL FUND III LP, HRC FUND III POOLING DOMESTIC LLC, and HRC FUND III POOLING REIT, LLC (collectively, the "Plaintiffs"), in their Complaint on the grounds that the Plaintiffs have failed to state a claim for relief for all causes of action asserted against the Defendants.

The action pending before this Court is a virtual mirror image of an action filed by the Defendants in the U.S. District Court for the Southern District of Florida on February 9, 2007 (the "Florida District Court Action"). Arising from the same transactions and occurrences upon which this New York action is predicated, the Florida District Court Action has been the subject of a number of delays on the part of the Plaintiffs, the course of which ultimately culminated in the filing of this proceeding. In the Florida District Court Action, on or about February 28, 2007, a joint stipulation extending time to respond to the initial complaint was requested by Plaintiffs and agreed to by the Defendants. On or about April 4, 2007, Defendants again consented to yet another joint stipulation extending the time to respond, and perhaps only encouraged by the Defendants' generosity, the Plaintiff again went to the well on April 19, 2007, this time with a motion for extension of time to respond to an amended complaint, which had been filed on April 10.

The initiation of the New York state court action (now removed to this Court's jurisdiction) by the Plaintiffs on April 26, 2007 was merely the continuation of an epic

saga of avoidance, evasion, and misdirection, the ultimate purpose of which was and is a transparent attempt to forum shop this litigation to a court the location of which will only serve to disadvantage the Defendants. For the reasons stated below, the Defendants request the dismissal of those actions currently before this Court, or, in the alternative, their immediate transfer to the Southern District of Florida.

## II.  PROCEDURAL BACKGROUND

The Defendants hereby incorporate the Issues Common to All Defendants as enumerated in its Motion to Dismiss or, in the Alternative, to Transfer the case to the United States District Court for the Southern District of Florida, submitted contemporaneously with this Memorandum.

## III.  STANDARD OF REVIEW

To determine whether a complaint will withstand a Rule 12(b)(6) motion, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994); *see also Capital Imaging Assocs. P.C. v. Mohawk Valley Med. Assocs., Inc.*, 725 F. Supp. 669, 676 (N.D.N.Y. 1989). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The court must limit its review to facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). The complaint must be well pleaded, and a court is required to accept neither "sweeping unwarranted averments of fact," nor "conclusions of law or unwarranted deduction." *KDI Holdings, Inc. v. Austin Fin. Serv.'s, Inc. (In re KDI Holdings, Inc.)*, 277 B.R. 493, 502 (Bankr. S.D.N.Y. 1999) (*citing Haynesworth v. Miller*, 820 F.2d 1245,

1254 (D.C. Cir. 1987); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994)).  A court should dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Crowley v. Corning, Inc.*, 234 F. Supp. 2d 222, 224 (W.D.N.Y. 2002).

## IV.  <u>ARGUMENT</u>

Defendants respectfully request that this Court enter an Order dismissing the Complaint filed by the Plaintiffs in that pursuant to Rule 12(b)(6), Plaintiffs have failed to state a claim for relief for all causes of action asserted against the Defendants.

**A.     Hudson Realty Capital Fund III LP Was Obligated to File this Action, if at all, as Compulsory Counterclaims in the Southern District of Florida.**

Federal Rule of Civil Procedure 13(a) defines a compulsory counterclaim as "any claim which at the time of serving the pleading the pleader has against any party if it arises out of the same transaction or occurrence that is the subject of the opposing party's claim."  "The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1980)).

The requirements of Rule 13(a) were "designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962). "The rule was particularly directed against one who failed to assert a counterclaim in one action and

then instituted a second action in which that counterclaim became the basis of the complaint." *Id*. "If a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit." *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)).

As described *supra* and in the Motion to Dismiss, the Defendants initiated an all but identical action in Florida District Court on February 9, 2007. When Hudson Realty Capital Fund III LP ("Hudson") filed the Complaint in this matter, service of the Complaint and Amended Complaint in the Florida District Court Action had been effected upon Hudson, and counsel for Hudson had gone so far as to file a motion requesting an extension of time to respond to the Amended Complaint. The causes of action alleged in the New York Complaint arise from the same agreements and issues facing litigation in the Florida District Court Action, are essentially duplicative, and, therefore, constitute a compulsory counterclaim. *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205 (2d Cir. 2004). *See also Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 664 (S.D.N.Y. 1996) (citing *The Haytian Republic*, 154 U.S. 118 (1894) ("For a second action to be duplicative, it is not necessary that the parties be identical. Rather, if the parties "represent the same interests" the court may determine the second action to be duplicative").

Dismissal is appropriate where an action is duplicative of and predicated entirely upon those claims that would be compulsory counterclaims in another previously filed action. *See Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F. Supp. 2d 161, 166 (E.D.N.Y.

1999). As such, dismissal of the Complaint is proper in the matter pending before this Court.

**B.    Plaintiff HRC Fund III Pooling Domestic, LLC Has Failed to State a Claim upon Which Relief May Be Granted.**

As stated in the Motion to which this Memorandum is attached, HRC Fund III Pooling Domestic, LLC ("HRC Domestic") is mentioned only once in the body of the Complaint, in paragraph 18 of that document. Nowhere does the Complaint manage to allege the assignment of an interest by Hudson to HRC Domestic, and this Court is procedurally precluded from inferring the transfer of any such interest. *See Dangler*, *supra*. Even if such a transfer were to be assumed, the Complaint itself fails to seek relief of any sort on behalf of HRC Domestic, giving rise to the implication that HRC Domestic is a Plaintiff in this action solely for the purpose of attempting to frustrate Hudson's obligation to file this action as a compulsory counterclaim in Florida.

In failing to allege a cognizable injury, HRC Domestic fails to allege a cause of action upon which relief may be granted. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must set forth a short and plain statement of the basis upon which the court's jurisdiction depends and of a claim showing that the pleader is entitled to relief. Failure to comply with this rule mandates dismissal of that complaint pursuant to Rule 12(b)(6). *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972).

**C.    Plaintiff HRC Fund III Pooling REIT, LLC Has Failed to State a Claim upon Which Relief May Be Granted.**

In a fashion similar to that of the aforementioned HRC Domestic, HRC Fund III Pooling REIT, LLC ("HRC REIT") appears most prominently in the case caption of the Complaint and is hardly mentioned elsewhere in the body of that document. In point of

fact, HRC REIT is averred only to have commenced a foreclosure action against the Defendants in Florida,[1] and no allegations of injury or standing are made. The Defendants (and, indeed, any reader) are left to wonder why HRC REIT (and, for that matter, HRC Domestic) has been added as a party to the Complaint, if not as an attempt to frustrate a common sense finding that these proceedings are entirely duplicative of those ongoing in the Southern District of Florida. Such maneuvers do not assist in the prompt administration of justice, and these antics serve only to prolong the inevitable.

HRC REIT is without standing and cannot remain a party to this action, and as a failure to comply with the requirements of Rule 8(a) results in dismissal under Rule 12(b)(6), dismissal is proper here. *Id.*

## D. In the Alternative, the Within Action Should Be Transferred to the United States District Court for the Southern District of Florida.

28 U.S.C. § 1404 provides for the "transfer any civil action to any other district or division where it might have been brought" for the convenience of parties or witnesses, or in the interests of justice. The statute is designed to prevent waste "of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 394 (S.D.N.Y. 2006) (quoting *Generale Bank, New York Branch v. Wassel*, 779 F. Supp. 310, 313 (S.D.N.Y. 1991)).

For purposes of the within proceeding, the majority of those factors traditionally considered when determining whether or not to grant a transfer under § 1404[2] either favor

---

[1] In fact, Hudson did not seek foreclosure against the Defendant Millenia, but, instead, sued an affiliate of Millenia that was the mortgagor.

[2] Articulated recently as "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of

neither party, or directly favor the transfer of this action to Florida. The real property that was the subject of the agreement and guaranty agreement between the parties is located in Orlando, Florida. Both Avila and Kaplan reside in Florida, and the locations of any other relevant witnesses and/or evidence are certain to be in the state of Florida. The calculation of any damages will be dependent on expert testimony gained from experts on Florida real property values.

Lastly, where there has been no showing of balance of the various conveniences or any special circumstances giving priority to the case filed second, the first-filed rule is in effect. *See Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474 (S.D.N.Y. 2007). "Where two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow a 'first-filed' rule, whereby the court which first has possession of the action decides it." *Id.* (quoting *800-Flowers, Inc. v. Intercontinental Florist*, 860 F. Supp. 128, 131 (S.D.N.Y. 1994)). As the Florida District Court Action was filed some time before the proceeding *sub judice*, as the first-filed rule applies, and as the determinative factors otherwise favor the Defendants, transfer of this action to the Southern District of Florida is both just and proper.

## V.  <u>CONCLUSION</u>

For the reasons set forth herein, Defendants MILLENIA LUXURY CONDOMINIUMS (FLORIDA) LLC, EDUARDO AVILA and JACK KAPLAN respectfully request that this Court enter an Order dismissing the Complaint filed by

---

the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474 (S.D.N.Y. 2007)

Plaintiffs HUDSON REALTY CAPITAL FUND III LP, HRC FUND III POOLING DOMESTIC LLC, and HRC FUND III POOLING REIT, LLC, or in the alternative transferring the within action to the Southern District of Florida for consolidation with the pending Florida District Court Action.

Dated: May 11, 2007

Respectfully submitted,

ADORNO & YOSS LLP
Attorneys for Defendants and Movants

By: /s/Stephen C. Hunt
     Stephen C. Hunt (SH 6603)
     350 East Las Olas Boulevard
     Suite 1700
     Fort Lauderdale, Florida 33301-4217
     Phone: (954) 763-1200
     Fax: (954) 766-7800
     Email: shunt@adorno.com