# Katten
### Katten Muchin Rosenman LLP

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
212.940.6400 fax

MICHAEL S. GORDON
michael.gordon@kattenlaw.com
212.940.6666 direct
212.894.5966 fax

September 7, 2007

**Via Facsimile**

Honorable Robert P. Patterson
United States District Court
Southern District of New York
U.S. Courthouse
500 Pearl Street, Room 2550
New York, New York 10017-1316

Re:   **Hudson Realty Capital Fund III, LP et al. v. Millenia Luxury Condominiums (Florida) LLC, et al., 07 CV 3614 (RPP)**

Dear Judge Patterson:

      We represent Plaintiffs Hudson Realty Capital Fund III LP, HRC Fund III Pooling Domestic, LLC and HRC Fund III Pooling REIT, LLC ("Plaintiffs") in the above-referenced matter. We respectfully submit this letter seeking reconsideration of the Court's Endorsed Memo, filed September 6, 2007, in which the Court denied Plaintiffs' application for an extension until November 9, 2007 to respond to Defendants' Motion to Dismiss the Complaint, or in the Alternative, to Transfer Venue, dated May 11, 2007 ("Defendants' Motion"). As amplified below, both Plaintiffs and Defendants were unaware that the Court had deemed Plaintiffs' prior requested extension on July 26, 2007 to be "final." Had this been known, Plaintiffs would have provided a more detailed explanation in their September 5 letter as to why the interests of litigation efficiency and judicial economy—not to mention the avoidance of potentially inconsistent rulings—would all be served by the grant of Plaintiffs' application, which, for the reasons set forth below, Defendants do not oppose.

      By way of background, this action pertains to a Mezzanine Loan Agreement, under which Plaintiff Hudson is Lender, and a Guaranty Agreement, under which Defendants are Guarantors, and the extent of recourse available to Plaintiff Hudson under the Guaranty. As mentioned in my September 5 letter to the Court, the parties herein also are before the United States District Court, Southern District of Florida (Miami Division), in an action entitled *Millenia Luxury Condominiums (Florida) LLC, et. al. v. Hudson Realty Capital Fund III LP*, et. al., No. 07-20332-CIV--Graham/O'Sullivan (S.D. Fla.) (the "Florida Federal Action"). Enclosed herewith is a copy of the docket sheet in the Florida Federal Action. Separate and apart from the mediation scheduled for October 22, 2007 in the Florida Federal Action (see entry 39 on the

**Katten**
Katten Muchin Rosenman LLP

Honorable Robert P. Patterson
September 7, 2007
Page 2

enclosed docket sheet), a critical omission from my September 5 letter[1]—is the fact that, *sub judice* before the court in the Florida Federal Action is a motion made by Plaintiffs herein (who are defendants in the Florida Federal Action) pursuant to Rule 12(b)(3) to dismiss the Florida Federal Action based on, *inter alia*, forum selection clauses in the Loan and Guaranty Agreements, which, Plaintiffs contend, are mandatory and require that any action arising out of these Agreements be brought in New York. Accordingly, Plaintiffs' success on their dismissal motion in the Florida Federal Action could well moot Defendants' Motion in this action, since both motions turn, in large part, on the forum selection clause and the issue of venue. Conversely, if the Southern District of Florida does not find that the forum selection clauses at issue mandate the litigation of all disputes in New York, then the instant action possibly could be rendered moot, leading Plaintiffs to prosecute their claims as counterclaims in the Florida Federal Action.

Given the impending mediation date in the Florida Federal Action (October 22), and the possibility that the Southern District of Florida could rule on Plaintiff's dismissal motion prior to that October date, Plaintiffs and Defendants have agreed that adjourning Defendants' Motion in this action would serve the dual interests of litigation efficiency and avoiding the possibility of inconsistent rulings in the instant and Florida Federal Actions.

Based on the foregoing, Plaintiffs had requested and Defendants had consented to an adjournment of Plaintiffs' time to respond to Defendants' Motion until November 9, 2007. By November 9, the Southern District of Florida likely will have ruled on Plaintiffs' dismissal motion and the mediation will have taken place, the occurrence of both of which will directly impact on the course that will be followed in the instant action. Accordingly, for all these reasons, Plaintiffs respectfully request that the Court reconsider its denial of Plaintiffs' application, and grant the requested extension.

---

[1] My failure to reference Plaintiff's Motion to Dismiss in the Florida Federal Action in my September 5 letter was due to my not being aware that the Court, in granting Plaintiffs' July 26 request for an extension, had deemed it to be a "final extension." Since my submissions in this matter have been limited to correspondence sent via facsimile to chambers, I had not "appeared" on the ECF system as Plaintiffs' counsel in this action and thus I have not been receiving e-mail notifications of docket entries. In order to rectify this situation, this letter is being filed via ECF so as to ensure that I will receive all future ECF notifications.



Honorable Robert P. Patterson
September 7, 2007
Page 3


      In the alternative, the parties would respectfully request an opportunity to participate in a scheduling conference with the Court to discuss how to best effectuate the orderly administration of the instant action.

                              Respectfully submitted,

                              Michael S. Gordon

MSG:dmp
Enclosure

cc:    Charles M. Tatelbaum, Esq. (Defendants' counsel) (via facsimile)
        Stephen C. Hunt, Esq. (Defendants' counsel) (via facsimile)

84239902_1