UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 1:07-cv-03614-RPP/RLE

| | |
|---|---|
| HUDSON REALTY CAPITAL FUND III LP, HRC FUND III POOLING DOMESTIC LLC, and HRC FUND III POOLING REIT, LLC,<br><br>             Plaintiffs,<br><br>v.<br><br>MILLENIA LUXURY CONDOMINIUMS (FLORIDA) LLC, EDUARDO AVILA and JACK KAPLAN,<br><br>             Defendants. | |

**DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) OR, IN THE ALTERNATIVE, TO TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

TO:   HONORABLE ROBERT P. PATTERSON
       UNITED STATES DISTRICT JUDGE

Millenia Luxury Condominiums (Florida), LLC ("Millenia"), Eduardo Avila ("Avila") and Jack Kaplan ("Kaplan") (with Millenia, Avila and Kaplan collectively referred to as the "Defendants"), by their undersigned counsel, hereby reply to the Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) or, in the Alternative, to Transfer the Case to the United States District Court for the Southern District of Florida (the "Opposition Memorandum"), and respectfully state as follows:

As an initial matter, it is important to note that Hudson Realty Capital Fund III LP ("Hudson"), HRC Fund III Pooling Domestic LLC ("HRC Domestic"), and HRC Fund III Pooling REIT, LLC ("HRC REIT") (collectively, the "Plaintiffs") do not dispute the fact that the case *sub judice* is factually and legally identical to the earlier filed case pending before the United States District Court for the Southern District of Florida, Case No. 07-20332 (the "Florida District Court Action"). In fact, in the Preliminary Statement of the Opposition Memorandum, Plaintiffs concede that the two actions are "virtual mirror image[s]." Opposition Memorandum, p. 1.

The Opposition Memorandum attempts to mislead this Court into ruling on an issue that is properly before the District Court in the Florida District Court Action; *videlicet*, whether the forum and venue selection clauses contained in the relevant contractual documents are permissive or mandatory. This issue is properly before the District Court in the Florida District Court Action by virtue of Plaintiffs' Second Motion to Dismiss in that case, and should be ruled upon by the United States District Court for the Southern District of Florida. The Defendants therefore respectfully request that the Court abstain from adjudicating, at the least, this discrete issue in favor of the Florida District Court Action.

For example, Plaintiffs cite case law in support of their argument that the forum and venue selection clauses at issue are mandatory despite the use of the term "may." See Opposition Memorandum, p. 12. Notwithstanding the fact that the cited case law is distinguishable from the circumstances at issue in this matter, these substantive arguments are not before this Court in determining the merits of Defendants' Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the Alternative, to

Transfer the Case to the United States District Court for the Southern District of Florida (the "Motion to Dismiss"). Rather, these arguments are properly before the District Court in the Florida District Court Action and should be heard and ruled upon there.

Moreover, with respect to the procedural history outlined in the Opposition Memorandum, certain extraneous facts outside the pleadings are not appropriately included in pleadings on a motion to dismiss under Federal Rule of Civil Procedure 12, which Rule the Plaintiffs have chosen to ignore.[1] Unless directed by this Court, Defendants will not partake in this practice of inappropriately including extraneous facts in an effort to persuade this Court.[2]

Finally, the Opposition Memorandum is also disingenuous in that, despite Plaintiffs' injection of facts outside of the pleading in an attempt to spin the procedural circumstances to their advantage, they have neglect to reveal a material procedural failure on their part in the Florida District Court Action. Local Rule 7.1.B.3.a. of the Local Rules of the United States District Court for the Southern District of Florida states, in pertinent part, as follows:

> B.   Hearings. No hearing will be held on motions unless set by the Court. Hearings shall be set by the Court under the following circumstances:
> …
>
> 3.   With respect to:

---

[1] The Defendants are mindful of the obligations set forth under Local Civil Rule 12.1 for *pro se* litigants who include matters outside of the pleading on a Rule 12 motion, and in that vein believe that the Plaintiffs' counsel must also be presumptively aware of the penalties for introducing matters outside of the pleading.

[2] Assuming, *arguendo*, that this Court is tolerant of the Plaintiffs' improper pleading and willing to consider the extraneous factual statements in their Response such that the motion to dismiss was adjudicated as a summary judgment motion, the Plaintiffs have likewise failed to comply with Local Civil Rule 56.1 in providing the mandated statement of material uncontested facts. It is respectfully submitted that the Court should adjudicate the motion to dismiss without resorting to any facts outside of the complaint.

>   a.  any motion or other matter which has been pending and fully briefed with no hearing set thereon for a period of ninety days, and
>
>   …
>
>   the movant or applicant, whether party or non-party, <u>shall</u> file and serve on all parties and any affected non-parties a "Notification of Ninety Days Expiring" which shall contain the following information:
>
>   (1) the title and docket entry number of the subject motion or other application, along with the dates of service and filing;
>
>   (2) the title and docket number of any and all responses or opposing memoranda, along with the dates of service and filing, or if no such papers have been filed, the date on which such papers were due;
>
>   (3) the title and docket entry number of any reply memoranda, or any other paper filed in connection with the motion or other matter as well as the dates of service and filing; and
>
>   (4) the date of any hearing held on the motion or other matter.
>
>   The "Notification of Ninety Days Expiring" <u>shall</u> be filed within ten days of the expiration of the applicable ninety day period.

(emphasis added). Pursuant to Local Rule 7.1.B.3.a, Plaintiffs were obligated to file the required Notification of Ninety Days Expired regarding their Second Motion to Dismiss with the United States District Court for the Southern District of Florida no later than September 28, 2007.[3] Defendants can only presume that Plaintiffs knowingly failed to comply with the Florida Local Rules in the hope that they could circumvent the

---

[3] Plaintiffs' Second Motion to Dismiss in the Florida District Court Action was filed on May 31, 2007. Defendants' Response in Opposition to the Second Motion to Dismiss was filed on June 15, 2007. Plaintiffs' Reply to the Response in Opposition to the Second Motion to Dismiss was filed on June 20, 2007. The ninety day period expired on September 18, 2007.

{212647.0007/N0693942_1}    4

procedural mandates they are obligated to follow in the Florida District Court Action and have this Court improperly rule on their substantive argument, now that mediation has reached an impasse and it is no longer convenient for the Plaintiffs to delay proceedings in this Court. Such inappropriate actions on the part of the Plaintiff should not be condoned by this Court.

As no novel issue of fact or law is raised by this Reply and the Defendants have previously submitted a memorandum of law in support of their motion, the Defendants respectfully request that the Court abrogate the requirements of Local Civil Rule 7.1 and accept this Reply in lieu of a formal memorandum of law.

## CONCLUSION

For the reasons stated herein and in the Motion to Dismiss, Defendants respectfully request that this Court enter an Order granting the Motion to Dismiss in all respects, either dismissing this case or transferring this case to the United States District Court for the Southern District of Florida.

Dated: December 5, 2007

                                        Respectfully submitted,

                                        ADORNO & YOSS LLP
                                        Attorneys for Defendants

                                        By: /s/ Stephen C. Hunt
                                              Stephen C. Hunt (SH 6603)
                                              350 East Las Olas Boulevard
                                              Suite 1700
                                              Fort Lauderdale, FL 33301-4217
                                              Phone: (954) 763-1200
                                              Fax: (954) 766-7800
                                              Email: shunt@adorno.com

## CERTIFICATE OF SERVICE

I hereby certify that the within Reply was filed with the Court and served via CM/ECF upon counsel for the plaintiff, Michael Steven Gordon, Esquire of Katten, Muchin, Rosenman, LLP at michael.gordon@kattenlaw.com and/or such other email address(es) maintained by the Clerk of Court, with a courtesy copy to chambers.

Dated: December 5, 2007

                                                     /s/Stephen C. Hunt
                                                   Stephen C. Hunt