UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 1:07-cv-03614-RPP/RLE

HUDSON REALTY CAPITAL FUND III LP,
HRC FUND III POOLING DOMESTIC LLC,
and HRC FUND III POOLING REIT, LLC,

    Plaintiffs,

v.

MILLENIA LUXURY CONDOMINIUMS
(FLORIDA) LLC, EDUARDO AVILA and
JACK KAPLAN,

    Defendants

**DEFENDANTS' ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES AND JURY DEMAND**

    Millenia Luxury Condominiums (Florida) LLC ("Millenia"), Eduardo Avila ("Avila") and Jack Kaplan ("Kaplan"), Defendants, by their undersigned counsel, respond to the Plaintiffs' Complaint as follows:

    1.    They admit the allegations contained in Paragraph 1 of the Complaint.

    2.    They do not have sufficient information to either admit or deny the allegations contained in Paragraph 2 of the Complaint, and, for the purpose of this Answer, must deny same.

    3.    They do not have sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Complaint, and, for the purpose of this Answer, must deny same.

    4.    They do not have sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint, and, for the purpose of this Answer, must deny same.

    5.    They admit the allegations contained in Paragraph 5 of the Complaint.

    6.    They admit the allegations contained in Paragraph 6 of the Complaint.

7. They admit the allegations contained in Paragraph 7 of the Complaint.

8. Due to the fact that the allegations contained in Paragraph 8 of the Complaint constitute conclusions of law, for the purpose of this Answer, the Defendants must deny same.

9. The Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Due to the fact that the allegations contained in Paragraph 10 of the Complaint constitute conclusions of law, for the purpose of this Answer, the Defendants must deny same.

11. They admit the allegations contained in Paragraph 11 of the Complaint.

12. They admit the allegations contained in Paragraph 12 of the Complaint.

13. They admit the allegations contained in Paragraph 13 of the Complaint.

14. They admit the allegations contained in Paragraph 14 of the Complaint.

15. They admit the allegations contained in Paragraph 15 of the Complaint.

16. They admit the allegations contained in Paragraph 16 of the Complaint.

17. They admit the allegations contained in Paragraph 17 of the Complaint.

18. They admit the allegations contained in Paragraph 18 of the Complaint.

19. They admit the allegations contained in Paragraph 19 of the Complaint.

20. They admit the allegations contained in Paragraph 20 of the Complaint.

21. They admit the allegations contained in Paragraph 21 of the Complaint.

22. They admit the allegations contained in Paragraph 22 of the Complaint.

23. They admit the allegations contained in Paragraph 23 of the Complaint.

24. The allegations contained in Paragraph 24 of the Complaint merely recite language in a document attached to the Complaint. The Defendants admit that the language recited in the Complaint is the same as in the attached document.

25. The allegations contained in Paragraph 25 of the Complaint merely recite language in a document attached to the Complaint. The Defendants admit that the language recited in the Complaint is the same as in the attached document.

26. The Defendants do not sufficient information to either admit or deny the allegations contained in Paragraph 26 of the Complaint, and, for the purpose of this Answer, must deny same.

27. The Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. The Defendants re-allege each of their respective responses to Paragraphs 1 through 27 of the Complaint.

29. The Defendants admit the allegations contained in the first sentence of Paragraph 29 of the Complaint. With respect to the second sentence of Paragraph 29 of the Complaint, the Defendants admit those allegations as they are stated, although the statement made by the Plaintiffs is incomplete. The Defendants claim that there is no recourse by the Plaintiffs against the Defendants for the Outstanding Loan Obligations not only as a result of the language of the Guaranty Agreement but also as a result of the actions taken by the Plaintiffs in connection with the Mezzanine Loan Agreement, the Guaranty Agreement and the Fremont loan.

30. The Defendants admit the allegations contained in the first sentence of Paragraph 30 of the Complaint. With respect to the remainder of the Paragraph 30 of the Complaint, the Defendants admit that the allegations set forth the arguments made by the Plaintiffs, but deny that said allegations are correct.

31. The Defendants admit that the contentions contained in Paragraph 31 of the Complaint are of the Plaintiffs' contentions, but further deny that said contentions are correct.

32. The Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. The Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. The Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. The Defendants re-allege each of their responses to Paragraphs 1 through 34 of the Complaint.

36. The Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. The Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. The Defendants deny the allegations contained in Paragraph 38 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. The Plaintiffs are estopped from asserting the relief requested in each of the counts of the Complaint.

3. To the extent that the Plaintiffs' requested relief is equitable in nature, the Plaintiffs' have unclean hands, and the relief requested should be denied.

4. As a result of the Plaintiffs' actions, they have released the Defendants from any liability.

5. As a result of the Plaintiffs' actions, they have waived their right to seek any relief against the Defendants.

6. As a result of the Plaintiffs' election of remedies, the Plaintiffs are not entitled to any of the requested relief.

7. As a result of the parties' actions, there has been an accord and satisfaction of their contractual relations; the Plaintiffs have waived their right to seek any relief against the Defendants.

8. Due to the unconscionability of the Plaintiffs' contract with the Defendants, the Plaintiffs are not entitled to any of the requested relief.

9. As a result of the Plaintiffs' acceptance of the surrender of the ownership rights to the entity which owned the Condo Project, and as a result of the failure of the Plaintiffs to sell or dispose of said ownership rights in a commercially reasonable manner, the Plaintiffs are precluded from claiming any relief against the Defendants.

WHEREFORE, having fully and completely responded to the Complaint, the Defendants demand that a judgment be entered in their favor with respect to each of the counts of the Complaint.

## JURY DEMAND

Pursuant to Rule 47 of the Federal Rules of Civil Procedure, the Defendants request a civil jury of at least six (6) persons on all issues so triable.

Dated: January 8, 2008.

                    ADORNO & YOSS LLP
                    Attorneys for the Defendants

                    By: /s/Stephen C. Hunt
                          Stephen C. Hunt (SH 6603)
                          350 East Las Olas Boulevard, Suite 1700
                          Fort Lauderdale, Florida 33301-4217
                          Phone: (954) 763-1200
                          Fax: (954) 766-7800
                          Email: shunt@adorno.com

                          And

                          1040 Avenue of the Americas
                          Suite 1101
                          New York, New York 10018
                          Phone: (212) 809-5700