UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUDSON REALTY CAPITAL FUND III, LP, HRC FUND III POOLING DOMESTIC LLC, and HRC FUND III POOLING REIT, LLC,<br><br>     Plaintiffs,<br><br>  -against-<br><br>MILLENIA LUXURY CONDOMINIUMS (FLORIDA) LLC, EDUARDO AVILA and JACK KAPLAN,<br><br>     Defendants. | Case No.  07 Civ. 03614 (RPP)<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS, WITH AFFIRMATIVE DEFENSES**<br><br>ECF CASE<br><br>This document has been electronically filed. |

  Plaintiffs and counterclaim defendants, Hudson Realty Capital Fund III, LP ("Hudson"), HRC Fund III Pooling Domestic LLC ("HRC Domestic"), and HRC Fund III Pooling REIT, LLC ("HRC REIT") (collectively "Plaintiffs"), by their attorneys Katten Muchin Rosenman LLP, for their reply to the "Counterclaims for Declaratory Relief and Damages, with Jury Demand," dated January 8, 2008 (the "Counterclaims") asserted herein by defendants and counterclaim plaintiffs, Millenia Luxury Condominiums (Florida), LLC ("Millenia"), Eduardo Avila ("Avila") and Jack Kaplan ("Kaplan") (collectively "Defendants"), state as follows:

  1.  Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Counterclaims.

  2.  Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Counterclaims.

  3.  Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Counterclaims.

  4.  Admit the averments contained in paragraph 4 of the Counterclaims.

  5.  Admit the averments contained in paragraph 5 of the Counterclaims.

  6.  Admit the averments contained in paragraph 6 of the Counterclaims.

7. Deny the averments contained in paragraph 7 of the Counterclaims except that, on or about June 28, 2005, Defendants, as Guarantors, executed a Guaranty Agreement in favor of Plaintiff Hudson, as Lender (the "Guaranty"), a true and correct copy of which is annexed to the Complaint as Exhibit "A".

8. Deny the averments contained in paragraph 8 of the Counterclaims except that, the Guaranty related to the guaranty by Defendants of the obligations of Millenia Luxury Condominiums Mezz LLC (the "Mezzanine Borrower"), to Hudson, as Mezzanine Lender, under the Mezzanine Loan Agreement, dated as of June 28, 2005 (the "Mezzanine Loan Agreement"), a true and correct copy of which is annexed to the Complaint as Exhibit "B".

9. Admit the averments contained in paragraph 9 of the Counterclaims.

10. Admit the averments contained in paragraph 10 of the Counterclaims.

11. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the Counterclaims.

12. Admit the averments contained in paragraph 12 of the Counterclaims.

13. Admit the averments contained in paragraph 13 of the Counterclaims.

14. Admit the averments contained in first two sentences of paragraph 14 of the Counterclaims, and deny the averments contained in the third sentence of paragraph 14 of the Counterclaims.

15. Admit the averments contained in paragraph 15 of the Counterclaims.

16. Admit the averments contained in paragraph 16 of the Counterclaims.

17. Admit the averments contained in paragraph 17 of the Counterclaims.

18. Admit the averments contained in paragraph 18 of the Counterclaims.

19. Deny the averments contained in paragraph 19 of the Counterclaims.

20. Admit the averments contained in paragraph 20 of the Counterclaims.

21. Deny the averments contained in paragraph 21 of the Counterclaims except that, on or about June 28, 2005, the Mezzanine Borrower, as Pledgor, entered into a Pledge and Security Agreement with Hudson, as Pledgee, granting Hudson a security interest in all of the

membership interests (the "Pledged Equity") of Millenia Luxury Condominiums, LLC (the "Project Owner" or "Mortgage Borrower") to secure repayment of the Mezzanine Loan. Further replying that, on or about February 8, 2007, after the Mezzanine Loan had matured and was past due, the Mezzanine Borrower purported to tender the Pledged Equity to Hudson, which tender was insufficient to satisfy Defendants' obligations under the Guaranty (the "Guaranteed Obligations"), including the entire amount of the Outstanding Loan Obligations, as that term is defined in the Guaranty.

22. Deny the averments contained in paragraph 22 of the Counterclaims except that, on or about June 28, 2005, Hudson, the Mezzanine Borrower and the Project Owner entered into an Irrevocable Proxy Agreement in which the Mezzanine Borrower, as Pledgor, granted Hudson, as Secured Party, an irrevocable proxy with respect to the Pledged Equity.

23. Deny the averments contained in paragraph 23 of the Counterclaims.

24. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 of the Counterclaims.

25. Deny the averments contained in paragraph 25 of the Counterclaims.

26. Deny the averments contained in paragraph 26 of the Counterclaims except that, on or about March 12, 2007, HRC REIT and Fremont Investment & Loan ("Fremont") jointly sent a letter to the Project Owner stating that HRC REIT had acquired all of Fremont's right, title and interest in and to the mortgage loan between Fremont and the Project Owner in the amount of $69,750,000.00 (the "Senior Loan"), and further informing the Project Owner that, as of such date, except with respect to obligations of the Project Owner or Guarantors that survived the transfer or payoff of the Senior Loan, Fremont would have no continuing right or claim in connection with the Senior Loan.

27. Deny the averments contained in paragraph 27 of the Counterclaims except that, on or about March 13, 2007, HRC REIT sent a letter to the Mortgage Borrower and Defendants Avila and Kaplan stating that HRC REIT had acquired all of Fremont's right, title and interest in and to the Senior Loan, that the Senior Loan had matured on January 1, 2007 and that, as of such

date, all unpaid principal and accrued but unpaid interest thereon was due and payable, that the Mortgage Borrower's failure to pay such sums constituted an Event of Default, and that HRC REIT demanded from Defendants full and immediate payment of the Outstanding Loan Obligations, as that term is defined in the Guaranty.

28. Deny the averments contained in paragraph 28 of the Counterclaims except that, the Mezzanine Borrower's purported tender of the Pledged Equity to Hudson does not satisfy, or in any way limit, Defendants' Guaranteed Obligations, which include the entire amount of the Outstanding Loan Obligations under Section 1.2 of the Guaranty, by virtue of, *inter alia*, the Mezzanine Borrower's failure to cause the Mortgage Borrower to perform and observe all of the terms, covenants and conditions of the Senior Loan Documents.

29. Deny the averments contained in paragraph 29 of the Counterclaims except that, under the Mezzanine Loan Agreement, the Guaranty and/or any of the other applicable loan documents (collectively, the "Mezzanine Loan Documents"), Plaintiffs Hudson and/or HRC Domestic had no obligation to take any action to liquidate or sell the Pledged Equity that Mezzanine Borrower purported to tender to Hudson, and had no duty beyond preserving the chattel paper representing the Pledged Equity.

30. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the Counterclaims with respect to the alleged actions of the Project Owner and any communications between it and the management company employed by it. Further replying, deny all remaining averments contained in paragraph 30 of the Counterclaims.

31. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 of the Counterclaims with respect to the alleged actions and third-party communications of the management company (on behalf of the Project Owner), the sales agent employed by the Project Owner and Fremont. Further replying, deny all remaining averments contained in paragraph 31 of the Counterclaims.

32. Deny knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 32 of the Counterclaims.

33. Deny the averments contained in paragraph 33 of the Counterclaims except that, the Mezzanine Borrower's purported tender of the Pledged Equity to Hudson does not satisfy, or in any way limit, Defendants' Guaranteed Obligations, which include the entire amount of the Outstanding Loan Obligations under Section 1.2 of the Guaranty, by virtue of, *inter alia*, the Mezzanine Borrower's failure to cause the Mortgage Borrower to perform and observe all of the terms, covenants and conditions of the Senior Loan Documents.

34. Deny the averments contained in paragraph 34 of the Counterclaims.

35. Deny the averments contained in paragraph 35 of the Counterclaims except that, in late March 2007, Defendants offered to tender to Plaintiffs a deed in lieu of foreclosure with respect to the condominium property at issue (the "Deed in Lieu") and Plaintiffs agreed to accept the same on the condition that, *inter alia*, Defendants meet certain deadlines with respect to the execution, filing and/or recording of documents necessary to effect the Deed in Lieu, which deadlines Defendants were unable to meet.

36. Deny the averments contained in paragraph 36 of the Counterclaims except that, Plaintiffs extended certain deadlines that Defendants were required to meet with respect to the execution, filing and/or recording of documents necessary to effect the Deed in Lieu.

37. Deny the averments contained in paragraph 37 of the Counterclaims except that, Defendants' inability to meet the deadline with respect to the execution, filing and/or recording of documents necessary to effect the Deed in Lieu necessitated the commencement of a foreclosure action in Orange County, Florida entitled, *HRC Fund III Pooling REIT, LLC v. Millenia Luxury Condominiums (Florida), LLC, Jack Kaplan and Eduardo Avila*, Case No. 07 CA 3457 (40) (Circuit Court of the Ninth Judicial Circuit, Orange County, Florida) (the "Orange County Foreclosure Action").

38. Deny the averments contained in paragraph 38 of the Counterclaims except that, on April 13, 2007, the Project Owner tendered to HRC REIT and HRC REIT accepted a special warranty deed in lieu of foreclosure, listing HRC Luxury Condominiums, LLC as grantee, which

acceptance led to the dismissal of the foreclosure count in the Orange County Foreclosure Action.

## COUNT I
### (Declaratory Relief Against Hudson and HRC Domestic)

39. Plaintiffs repeat their reply to the averments contained in paragraphs 1 through 38 of the Counterclaims above as if set forth at length herein.

40. Deny the averments contained in paragraph 40 of the Counterclaims except that the Mezzanine Loan Agreement and Guaranty contain numerous carve-outs or exceptions to the non-recourse provisions under which full recourse springs or arises, which carve-outs or exceptions include, *inter alia*, the Mezzanine Borrower's failure to cause the Mortgage Borrower to perform and observe all of the terms, covenants and conditions of the Senior Loan Documents.

41. Deny the averments contained in paragraph 41 of the Counterclaims and respectfully refer the Court to Section 1.2 of the Guaranty, which is annexed to the Complaint as Exhibit A, and which speaks for itself.

42. Deny the averments contained in paragraph 42 of the Counterclaims except that, under Section 1.2 of the Guaranty, Defendants' Guaranteed Obligations include the entire amount of the Outstanding Loan Obligations by virtue of the Mezzanine Borrower's breach of the Mezzanine Loan Agreement, including, without limitation, Sections 8.18.3(c) and 8.21.1 thereof, through the Mezzanine Borrower's failure to cause the Mortgage Borrower to perform and observe all of the terms, covenants and conditions of the Senior Loan Documents, including, *inter alia*, the obligations of the Mortgage Borrower to pay (i) the Senior Loan which matured on January 1, 2007; (ii) real estate taxes with respect to the Property; (iii) interest on the Senior Loan; and (iv) Condominium Association dues.

43. Deny the averments contained in paragraph 43 of the Counterclaims except that, on or about February 9, 2007, Plaintiffs sent a default notice to the Mezzanine Borrower and Defendants stating that the Mezzanine Loan had matured on February 1, 2007 and all unpaid principal and accrued but unpaid interest thereon was due and payable. Further replying,

Plaintiffs stated in their February 9, 2007 letter that the Mezzanine Borrower had breached Section 8.21 of the Mezzanine Loan Agreement by failing to cause the Mortgage Borrower to perform and observe all of the terms, covenants and conditions of the Senior Loan Documents including, *inter alia*, the obligations of the Mortgage Borrower to pay (i) the Senior Loan which had matured on January 1, 2007 and remained unpaid; (ii) real estate taxes with respect to the Property; (iii) interest on the Senior Loan; and (iv) Condominium Association dues. Further replying, Plaintiffs stated in their February 9, 2007 letter that, as a result of the foregoing breaches, Defendants had full personal liability for the Outstanding Loan Obligations, and Plaintiffs made demand upon the Mezzanine Borrower and Defendants for full and immediate payment thereof. Further replying, on or about August 23, 2006, Hudson assigned its security interest in the Pledged Equity to HRC Domestic.

44. Deny the averments contained in paragraph 44 of the Counterclaims except that, Defendants' Guaranteed Obligations include the entire amount of the Outstanding Loan Obligations under Section 1.2 of the Guaranty, by virtue of, *inter alia*, the Mezzanine Borrower's failure to cause the Mortgage Borrower to perform and observe all of the terms, covenants and conditions of the Senior Loan Documents.

45. Admit the averments contained in paragraph 45 of the Counterclaims.

46. Deny the averments contained in paragraph 46 of the Counterclaims.

47. Deny the averments contained in paragraph 47 of the Counterclaims except that, Defendants' Guaranteed Obligations, include the entire amount of the Outstanding Loan Obligations under Section 1.2 of the Guaranty, by virtue of, *inter alia*, the Mezzanine Borrower's failure to cause the Mortgage Borrower to perform and observe all of the terms, covenants and conditions of the Senior Loan Documents.

## COUNT II
**(Declaratory Relief Against HRC REIT)**

48. Plaintiffs repeat their reply to the averments contained in paragraphs 1 through 47 of the Counterclaims above as if set forth at length herein.

49.     Deny the averments contained in paragraph 49 of the Counterclaims except that, on or about March 13, 2007, HRC REIT sent a letter to the Mortgage Borrower and Defendants Avila and Kaplan, demanding, *inter alia*, full and immediate payment of the Outstanding Loan Obligations.

50.     Deny the averments contained in paragraph 50 of the Counterclaims and respectfully refer the Court to the Guaranty given by Defendants Avila and Kaplan to Fremont, and assigned by Fremont to HRC REIT, which Guaranty speaks for itself.

51.     Admit the averments contained in paragraph 51 of the Counterclaims.

52.     Deny the averments contained in paragraph 52 of the Counterclaims.

## COUNT III
### (Damages Against Hudson, HRC Domestic and HRC REIT)

53.     Plaintiffs repeat their reply to the averments contained in paragraphs 1 through 52 of the Counterclaims above as if set forth at length herein.

54.     Deny the averments contained in paragraph 54 except that, Plaintiffs are secured creditors under various of the Mezzanine Loan Documents and the provisions of Article 9 of the Uniform Commercial Code, and respectfully refer the Court to the Loan Documents and Article 9 of the Uniform Commercial Code, as applicable in New York, for their full meaning and effect.

55.     Deny the averments contained in paragraph 55 of the Counterclaims and respectfully refer the Court to Article 1 of the Uniform Commercial Code, as applicable in New York, for its full meaning and effect.

56.     Deny the averments contained in paragraph 56 of the Counterclaims and respectfully refer the Court to Articles 1 and 9 of the Uniform Commercial Code, as applicable in New York, for their full meaning and effect.

57.     Deny the averments contained in paragraph 57 of the Counterclaims and respectfully refer the Court to Articles 1 and 9 of the Uniform Commercial Code, as applicable in New York, for their full meaning and effect.

58. Deny the averments contained in paragraph 58 of the Counterclaims and respectfully refer the Court to Articles 1 and 9 of the Uniform Commercial Code, as applicable in New York, for their full meaning and effect.

59. Deny the averments contained in paragraph 59 of the Counterclaims.

60. Deny the averments contained in paragraph 60 of the Counterclaims.

61. Admit the averments contained in paragraph 61 of the Counterclaims.

62. Deny the averments contained in paragraph 62 of the Counterclaims except that, on or about August 23, 2006, Hudson assigned its security interest in the Pledged Equity to HRC Domestic.

63. Deny the averments contained in paragraph 63 of the Counterclaims except that, Defendants Avila and Kaplan executed a Guaranty with Fremont, and in March 2007, HRC REIT acquired all of Fremont's right, title and interest in and to the Senior Loan.

64. Deny the averments contained in paragraph 64 of the Counterclaims and respectfully refer the Court to the Loan Documents and Article 9 of the Uniform Commercial Code, as applicable in New York, for their full meaning and effect.

65. Deny the averments contained in paragraph 65 of the Counterclaims.

66. Deny the averments contained in paragraph 66 of the Counterclaims.

67. Deny the averments contained in paragraph 67 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

68. Defendants' Counterclaims fail to state causes of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

69. Defendants' Counterclaims must be dismissed based on documentary evidence, including, *inter alia*, the Mezzanine Loan Agreement and Guaranty, which establish that, under Section 1.2 of the Guaranty, Defendants' Guaranteed Obligations include the entire amount of the Outstanding Loan Obligations by virtue of the Mezzanine Borrower's breach of the

Mezzanine Loan Agreement, including, without limitation, Sections 8.18.3(c) and 8.21.1 thereof, through the Mezzanine Borrower's failure to cause the Mortgage Borrower to perform and observe all of the terms, covenants and conditions of the Senior Loan Documents, including, *inter alia*, the obligations of the Mortgage Borrower to pay (i) the Senior Loan which matured on January 1, 2007; (ii) real estate taxes with respect to the Property; (iii) interest on the Senior Loan; and (iv) Condominium Association dues.

### THIRD AFFIRMATIVE DEFENSE

70. Defendants' Third Counterclaim for Damages against Plaintiffs must fail because the Mezzanine Borrower's purported tender of the Pledged Equity to Hudson does not satisfy, or in any way limit Defendants' Guaranteed Obligations.

71. Hudson, as Pledgee, never accepted ownership of the Pledged Equity and holds the same purely as pledged collateral under the terms, *inter alia*, of the Pledge and Security Agreement and Irrevocable Proxy Agreement.

72. Defendants' purported tender of the Pledged Equity did not impose upon Hudson any duty or obligation to exercise dominion or control over the Mortgage Borrower and, in any event, Hudson has not exerted any such dominion or control over the Mortgage Borrower.

73. Hudson has no duty beyond preserving the chattel paper representing the Pledged Equity.

74. Because the Mezzanine Borrower failed to cause the Mortgage Borrower to perform all of the terms, covenants and conditions of the Senior Loan Documents, as required by Section 8.21.1 of the Mezzanine Loan Agreement, the Guaranteed Obligations of the Guaranty include the entire amount of the Outstanding Loan Obligations by operation of Section 1.2(b) of the Guaranty.

### FOURTH AFFIRMATIVE DEFENSE

75. Defendants' Third Counterclaim for Damages, based, *inter alia*, on Plaintiffs' alleged breaches of the duty of good faith and fair dealing and the duty to act in a commercially

reasonable manner under Articles 1 and 9 of the Uniform Commercial Code are vitiated by Defendants' continuing breach of various provisions of the Guaranty and Mezzanine Loan Agreement, including, without limitation, Defendants' continuing breach of Sections 1.2(a)(iv), (v), (vii); and 1.2(b) (v) and (vi) of the Guaranty.

## FIFTH AFFIRMATIVE DEFENSE

76. Defendants' Counterclaims are barred by reason of the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

77. Defendants' Counterclaims are barred by reason of the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

78. Defendants' Counterclaims are barred by reason of the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

79. Defendants have failed to mitigate any purported damages incurred by them.

## NINTH AFFIRMATIVE DEFENSE

80. Any damages suffered by Defendants were caused by Defendants' intentional acts and/or culpable conduct, and without fault of Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(a) dismiss Defendants' Counterclaims in their entirety;

(b) award to Plaintiffs the costs and disbursements incurred in commencing the instant action and defending against the Counterclaims, including reasonable attorneys' fees; and

(c) grant to Plaintiffs such other and further relief as is just and proper.

Dated: February 29, 2008

                                       Respectfully submitted,

                                       KATTEN MUCHIN ROSENMAN LLP

By:     /s/ Howard E. Cotton
        Howard E. Cotton (HC-1081)
        Michael S. Gordon (MG-2181)
        KATTEN MUCHIN ROSENMAN LLP
        575 Madison Avenue
        New York, New York 10022
        Phone: (212) 940-6666
        Fax:    (212) 894-5966

*Attorneys for Plaintiffs Hudson Realty Capital Fund III, LP, HRC Fund III Pooling Domestic LLC, and HRC Fund III Pooling REIT LLC*